# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AVINA, | CASE NO. 1:09-cv-00343-LJO-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION |
| v. | (Doc. 8) |
| J. CRONJAGAR, et al., | ORDER REQUIRING PLAINTIFF TO FILE RESPONSE WITHIN 30 DAYS |
| Defendants. | |

Plaintiff Jose Avina ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on February 25, 2009. On June 25, 2009, the Court issued an order requiring Plaintiff to either file an amended complaint or proceed only on the claims found cognizable. On July 23, 2009, Plaintiff filed a motion entitled "Objections to Magistrate's Order at Docket No. 7; and Request for Stay of Order; and Request for Order requiring Prison Officials to maintain contact information of all named defendants." (Doc. 8.) The Court construes this motion as a motion for reconsideration.

**I.     Legal Standard**

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to

1

ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff objects to the dismissal of most of his due process claims and his retaliation claims. The Court shall consider each argument below.

**II.     Plaintiff's Arguments**

    **A.     Liberal Pleading Standard**

Plaintiff contends that the Court applied a more stringent pleading standard to Plaintiff than what is actually required under Federal Rule of Civil Procedure 8(a). (Doc. 8, Pl.'s Mot. 1.) It is correct that a document filed pro se is to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations and quotations omitted). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court cannot supply or assume necessary elements in order for Plaintiff's claims to be cognizable. As will be discussed below, the Court dismissed certain claims by Plaintiff for lack of essential elements pled, and not for imposition of

2

a more stringent standard.

### B. Dismissal Without Development of Record

Plaintiff contends that it is an "abuse of discretion" to dismiss claims and defendants without discovery and development of record. (Pl.'s Mot. 2.) This objection is without merit. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Development of the record is not the appropriate time to state a claim. If Plaintiff states a cognizable claim against defendants Does 3-6, then the Court will allow some limited development of the record to discover these individuals' identities. Until Plaintiff states a claim against these individuals, development of the record is premature.

### C. Due Process

Plaintiff contends that the Court erred in finding that Plaintiff failed to allege lack of prior notice or opportunity to be heard. (Pl.'s Mot. 2.) Though Plaintiff cites to several paragraphs in his complaint, Plaintiff's complaint does not state with sufficient specificity that he did not receive an opportunity to be heard at all. Plaintiff does refer to opportunities in which he was not provided with an interview as required by state regulation, or failed to receive the opportunity to rebut evidence during one proceeding. (Doc. 1, Pl.'s Compl. ¶¶ 40, 53.) However, that does not necessarily indicate that Plaintiff lacked all meaningful opportunity to be heard. For example, Plaintiff submitted rebuttals regarding his gang validation. (Pl.'s Compl. ¶¶ 27, 39.) Prison officials' alleged failure to follow prison regulations is not sufficient by itself to state a cognizable due process claim. See Walker v. Sumner, 14 F.3d, 1415, 1419-20 (9th Cir. 1994) ("[I]f state procedures rise above the floor set by the Due Process Clause, a state could fail to

3

follow its own procedures yet still provide sufficient process to survive constitutional scrutiny.") The Court provides Plaintiff with an opportunity to file an amended complaint in order to cure these deficiencies, and if possible, explain why Plaintiff was denied timely notice and an opportunity to be heard as required under the Due Process Clause.

### 1.   **Defendant Lunes**

Plaintiff contends that Lunes was present during Cronjagar's alleged misconduct and failed to stop him. (Pl.'s Mot. 3.) Plaintiff contends that when he told Cronjagar and Lunes of the deficiency of the alleged evidence against Plaintiff, Lunes responded by saying, "We don't give a shit about your legal bullshit!" (Pl.'s Mot. 3.) Assuming this statement is true, verbal abuse here does not establish a constitutional violation by Lunes. The cognizable due process claim against Cronjagar is based on Plaintiff's allegation that Cronjagar used false evidence to validate Plaintiff as a gang member. (Pl.'s Compl. ¶¶ 29-38.) The exhibits submitted with Plaintiff's complaint do not show that Lunes submitted the allegedly false evidence, or participated in the acquisition of the evidence. Thus, without more, Lunes's mere alleged presence does not state a cognizable due process claim. The Court reminds Plaintiff that he will have the opportunity to file an amended complaint.

### 2.   **Defendants, Ruff, Fischer, and Roman**

Plaintiff contends that Ruff, Fischer, and Roman violated his due process rights by validating him as a gang member without the required rebuttal. (Pl.'s Mot. 4-5.) Based on Plaintiff's complaint, Ruff, Fischer, and Roman relied upon evidence submitted by Cronjagar to validate Plaintiff as a gang member. Plaintiff contends that the opportunity to rebut the evidence was not provided in this instance. However, Plaintiff in his complaint had alleged that he was able to submit two rebuttals to Cronjagar's gang validation evidence. (Pl.'s Compl. ¶¶ 27, 39.) As stated previously, not every alleged failure to follow a prison regulation constitutes a violation of due process. Walker, 14 F.3d at 1419-20. It is not clear on the face of Plaintiff's complaint that he lacked a meaningful opportunity to be heard on this issue. Plaintiff will be provided an opportunity to file an amended complaint.

//

### 3. Defendants Lopez, Moore, Garcia, and Doe 2

Plaintiff contends that Lopez, Moore, Garcia, and Doe 2, during Plaintiff's annual classification hearing, failed to follow proper prison regulation by not providing Plaintiff an opportunity to be heard regarding a new validation package. (Pl.'s Mot. 5.) As stated previously, not every alleged failure to follow prison regulation is a violation of due process. Walker, 14 F.3d at 1419-20. Here, Plaintiff did not sufficiently allege that he lacked a meaningful opportunity to be heard on this issue. Again, Plaintiff did indicate in his complaint that he was able to submit two rebuttals of the validation evidence. (Pl.'s Compl. ¶¶ 27, 39.) Thus, it is not clear in Plaintiff's complaint that he lacked a meaningful opportunity to be heard on this issue. Plaintiff will be provided an opportunity to file an amended complaint.

### D. Retaliation

Plaintiff contends that defendants took these actions against him in retaliation for his filing of grievances and complaints. (Pl.'s Mot. 6-7.) Even assuming the actions taken against Plaintiff were all adverse, Plaintiff did not sufficiently plead a cognizable retaliation claim in his complaint. It is not the job of this Court to assume essential elements of a claim, when Plaintiff has not sufficiently plead these elements in his complaint. Plaintiff is provided an opportunity to file an amended complaint to cure these deficiencies.

### E. Other Claims

Plaintiff contends that he is not alleging liability based on a supervisory role, but rather based on defendants' failure to properly train and supervise subordinates and policy of retaliation against inmates filing grievances. (Pl.'s Mot. 7.) If Plaintiff is not contending supervisory liability, then Plaintiff appears to be contending liability based on the supervisory defendants' actions in their official capacity. Official capacity suits against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. See Hafer v. Melo, 502 U.S. 21, 25 (1991). However, individuals in their official capacity who are employees of the California Department of Corrections and Rehabilitation ("CDCR") are entitled to Eleventh Amendment immunity from suit. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley

Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit, as are suits against state actor defendants in their official capacity.

### F. Leaving Information With Prison Officials

Plaintiff also requests that named defendants be required to provide their contact information with prison officials in order for Plaintiff to properly serve them. (Pl.'s Mot. 8.) Plaintiff's request is premature as this action has not yet proceeded past the screening stage and thus no defendants have appeared that would require service. The request is thus denied.

## III. Conclusion

Based on the foregoing, the Court HEREBY ORDERS that

1) Plaintiff's motion, filed on July 23, 2009, is DENIED;

2) Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File a first amended complaint curing the deficiencies identified by the Court in its June 25, 2009 order, or

    b. Notify the Court in writing that Plaintiff does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in its June 25, 2009 order; and

//
//

//

  3)  If Plaintiff fails to comply with this order, the Court will recommend immediate dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated: **August 20, 2009**        **/s/ Dennis L. Beck**
                       UNITED STATES MAGISTRATE JUDGE