# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AVINA, | Case No. 1:09-cv-00343-LJO-DLB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S OBJECTIONS |
| v. | (Doc. 10) |
| J. CRONDAGAR, et al., | ORDER REQUIRING PLAINTIFF TO FILE RESPONSE WITHIN **THIRTY (30)** DAYS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on February 25, 2009. On June 25, 2009, the Magistrate Judge issued an order requiring Plaintiff either to file an amended complaint or notify the Court of his willingness to proceed only on claims found to be cognizable within 30 days. On July 23, 2009, Plaintiff filed objections to the Magistrate Judge's order. These objections were construed as a motion for reconsideration, and on August 21, 2009, the Magistrate Judge issued an order denying the motion and requiring Plaintiff either to file an amended complaint or notify the court of willingness to proceed only on claims found to be cognizable. On September 14, 2009, Plaintiff filed further objections, specifically requesting the undersigned to consider his objections. (Doc. 10.) The Court reviews these objections pursuant to Federal Rule of Civil Procedure 72.

Plaintiff contends that his decline to consent to magistrate judge jurisdiction precludes the Magistrate Judge from hearing any of Plaintiff's objections. (Doc. 10, Pl.'s Objections 1.) This is not the case. Pursuant to 28 U.S.C. § 636(b)(1), a magistrate judge has the authority to hear

1

and determine any pretrial matter pending before the court, except for certain dispositive motions, none of which are at issue here. Furthermore, Plaintiff did not direct his July 23, 2009 objections to the District Judge, as required by the Local Rules. See L. R. 72-303 ("A party seeking reconsideration of the Magistrate Judge's ruling" shall file a request captioned "'Request For Reconsideration by the District Court of Magistrate Judge's Ruling.'") Plaintiff's claims that the Magistrate Judge "intercepted" the objections unlawfully are incorrect as a matter of law. Accordingly, the Magistrate Judge's August 21, 2009 order denying Plaintiff's first objections was appropriate.

Plaintiff seems to be under the misapprehension that the Magistrate Judge's June 25, 2009 order ruling on Plaintiff's complaint constituted a dispositive matter. It did not. The Magistrate Judge's June 25, 2009 order concerned a nondispositive matter because Plaintiff was granted leave to amend his complaint. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Because this is a nondispositive matter, the district judge must modify or set aside any part of the order "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The Magistrate Judge's August 21, 2009 order is also a nondispositive matter because Plaintiff was again provided leave to file an amended complaint. Plaintiff's September 14, 2009 objections concerns nondispositive matters and will be considered under the clearly erroneous legal standard.

None of Plaintiff's objections are sufficient under the clearly erroneous standard. The Magistrate Judge found that Plaintiff's allegations against Lunes were insufficient to state a claim for a due process violation because Lunes's mere presence did not state a constitutional violation. (Doc. 9, Magistrate Judge's Order 4:6-16.) Plaintiff contends that Lunes's statements to Plaintiff demonstrates motive. (Doc. 10, Pl.'s Objections 1.) Lunes appears to have expressed a dislike of Plaintiff, but that is insufficient by itself to state a claim. The Court finds the Magistrate Judge's order here to not be clearly erroneous or contrary to law.

Plaintiff contends that Ruff, Fischer, and Roman failed to consider Plaintiff's rebuttal during his gang validation hearing, thus violating his due process. (Doc. 10, Pl.'s Objections 2-3.) Plaintiff also contends that Lopez, Moore, Garcia, and John Doe 2 owed a duty to correct violations of constitutional magnitude but failed to do so. (Doc. 10, Pl.'s Objections 3.) The

1  Magistrate found that it was unclear from Plaintiff's complaint that he lacked a meaningful
2  opportunity to be heard regarding his gang validation.  (Doc. 9, Magistrate Judge's Order 4:18-
3  5:10.)  Here, the Court finds the Magistrate Judge's order to not be clearly erroneous or contrary
4  to law.  Not every alleged failure to follow a prison regulation constitutes a violation of due
5  process.  Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).  The Court reiterates to
6  Plaintiff that these claims against these defendants have not been completely dismissed from this
7  action, because Plaintiff has the opportunity to amend his complaint.

8        Plaintiff contends that he sufficiently pled a retaliation claim in his complaint.  (Doc. 10,
9  Pl.'s Objections 3.)  The Magistrate Judge found that Plaintiff's contentions in his objections do
10 not cure the deficiency of Plaintiff's retaliation claim in the complaint itself.  (Doc. 9, Magistrate
11 Judge's Order 5:12-17.)  The Court does not find the Magistrate Judge's order here to be clearly
12 erroneous or contrary to law.  Plaintiff was given the elements for a retaliation claim in the
13 Magistrate Judge's June 25, 2009 order in order to amend his complaint.

14       Plaintiff contends that he is alleging liability against supervisory defendants based on
15 customs and practices and failure to properly train and supervise.  (Doc. 10, Pl.'s Objections 3-
16 4.)  The Magistrate Judge explained to Plaintiff that if Plaintiff is alleging liability based on
17 official capacity, the defendants would be entitled to Eleventh Amendment immunity from
18 damages.  (Doc. 9, Magistrate Judge's Order 5:19- 6:11.)  Any misunderstanding regarding
19 Plaintiff's allegations of supervisory liability lies with Plaintiff's complaint.  The Court finds the
20 Magistrate Judge's order here to not be clearly erroneous or contrary to law.

21       Finally, Plaintiff requested that the named individuals in his complaint leave their contact
22 information with prison officials to facilitate service of process.  (Doc. 10, Pl.'s Objections 4.)
23 This Court agrees with the Magistrate Judge's order.  (Doc. 9, Magistrate Judge's Order 6:13-
24 16.)  The Magistrate Judge's order is not clearly erroneous or contrary to law.

25       Based on the foregoing, the Court finds that nothing in the Magistrate Judge's order is
26 clearly erroneous or contrary to law.
27 //
28 //

1  Accordingly, the Court HEREBY ORDERS the following:

2  1) Plaintiff's objections, filed on September 14, 2009, are DENIED;

3  2) Within **thirty (30)** days from the date of service of this order Plaintiff must either:

4   a. File a first amended complaint curing the deficiencies identified by the
5      Magistrate Judge's June 25, 2009 order; or
6   b. Notify the Court in writing that Plaintiff does not wish to file an amended
7      complaint and wishes to proceed only on the claims identified as
8      viable/cognizable in the Magistrate Judge's June 25, 2009 order; and

9  3) If Plaintiff fails to comply with this order, the Court will dismiss this action for
10     failure to obey a court order.

11 IT IS SO ORDERED.

12 **Dated:   September 30, 2009**                    /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE