1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AVINA, | CASE NO. 1:09-cv-00343-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
| v. | CERTAIN CLAIMS AND DEFENDANTS |
| J. CRONDAGAR, et al., | (Doc. 12) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |
| _____/ | |

**Findings and Recommendations Following Screening**

**I.      Background**

    **A.      Procedural History**

       Plaintiff Jose Avina ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on February 25, 2009.  On June 25, 2009, the Court screened Plaintiff's complaint and ordered Plaintiff either to file a first amended complaint or notify the Court of his willingness to proceed only on claims found to be cognizable in the order.  On October 29, 2009, Plaintiff filed his first amended complaint.

1

**B.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.* at 1949.

**II.     Summary of First Amended Complaint And Analysis**

Plaintiff is incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: lieutenant Institutional Gang Investigator ("IGI") J. Cronjager[1], IGI M. Lunes, members of Office of Correctional Safety ("OCS") M. Ruff, Everett W. Fisher, and Reuben Roman, chief deputy warden R. Lopez, Sgt. Moore, IGI J. C. Garcia, IGI Sgt. M. Dotson, IGI Captain F. Fields, appeals coordinator V. J. Castillo, acting chief deputy warden D. Ortiz, Director of CDCR Doe 1, recorder of CDCR Doe 2, and Does 3 through 6, responsible for training Corcoran and OCS

---

[1]  Plaintiff spells Defendant's name as "J. Cronjagar."  However, the supporting exhibits submitted indicate that Defendant's name is "J. Cronjager."  The Court will use the spelling of the name in the exhibits.

1  defendants.

2      Plaintiff alleges retaliation in of the First Amendment, and a violation of the Due Process

3  Clause of the Fourteenth Amendment.[2]  Plaintiff seeks injunctive relief and monetary damages.[3]

4      **A.      Claims Against J. Cronjager and Lunes**

5      Plaintiff was incarcerated in the Security Housing Unit due to a validation as a gang

6  member since December 13, 1999.  (Am. Compl. ¶ 19.)  Plaintiff alleges that on November 8,

7  2006, Defendants Cronjager and Lunes placed Plaintiff in the 4B-4R rotunda cages.  (Am.

8  Compl. ¶ 23.)  Defendant Cronjager handed Plaintiff a CDC 1030 confidential disclosure form

9  and took pictures of him.  (*Id.*)  The CDC 1030 alleged confidential informant identification that

10  Plaintiff was an active associate from the middle of August 2003 through September 2004, and

11  passed verbal and written gang information on behalf of the NS (Northern Structure) prison gang.

12  (Am. Compl. ¶ 24.)  Plaintiff disputed the evidence as vague and not supported by any evidence.

13  (*Id.*)  Plaintiff stated that the confidential information was a laundry list, which CDCR in another

14  lawsuit had agreed it would no longer rely upon.  (Am. Compl. ¶ 25.)  Defendant Lunes

15  exclaimed, "We don't give a shit about your legal begal (sic) bullshit!"  (*Id.*)  Defendant

16  Cronjager told Plaintiff to express whatever he wanted to say now, and Plaintiff told Defendant

17  that he would need at least 24 hours to prepare a defense.  (Am. Compl. ¶ 26.)  Defendant

18  Cronjager became angry and stated, "We already told you we don't give a shit about your due

19  process!  Haven't you learned yet?  Your legal protest bullshit got you here in the first place!"

20  (*Id.*)  Plaintiff understood this statement to mean that Plaintiff was to be kept in the SHU as

21  retaliation for filing grievances and complaints.  (Am. Compl. ¶ 27.)

22      The next day, Defendants Cronjager and Lunes returned, Plaintiff provided a rebuttal, and

23  supplemented it verbally.  (Am. Compl. ¶ 28.)  Plaintiff told Defendants that the allegations were

24

25      [2]  Plaintiff alleges violations of Title 5, section 550 of the United States Code.  That section was repealed
26  and thus cannot constitute a cause of action.

27      [3]  Plaintiff also requests declaratory relief, which will be denied as unnecessary.  *See United States v.*
*Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc) (per curiam) ("Declaratory relief should be denied when
28  it neither serve a useful purpose in clarifying and settling the legal relations issue nor terminate the proceedings and
afford relief from the uncertainty and controversy faced by the parties.").

1    all false because Defendants did not have the alleged notes, and Plaintiff threatened to file an

2    inmate grievance against Defendants.  (*Id.*)  Defendant Cronjager issued a CDC 128B, gang

3    review interview chrono, that referred to two alleged confidential memoranda, dated November

4    15, 2006, and a CDC 128B dated November 14, 2006.  (Am. Compl. ¶ 30.)  Plaintiff contends

5    that the November 9, 2006 CDC 128 B refers to documents that had yet to be discovered or

6    drafted.  (Am. Compl. ¶ 31.)  This included a statement from correctional officer Hernandez,

7    who alleged observed Plaintiff participating in roll call for the gang, which a later investigation

8    determined that c/o Hernandez never observed Plaintiff participate.  (Am. Compl. ¶¶ 32-33.)

9         On November 16, 2006, Defendant Cronjager approached Plaintiff while he was in the

10   prison law library and gave him three documents: the pre-written CDC 128 B; a CDC 1030

11   which was corrected by Defendant Crojagar and adds a statement attributed to c/o Hernandez;

12   and a CDC 1030 alleging that Plaintiff had passed kites to a recognized Norteno teacher.  (Am.

13   Compl. ¶ 35.)  On November 19, 2006, Plaintiff submitted a written rebuttal to a correctional

14   officer.  (Am. Compl. ¶ 40.)  Plaintiff was never interviewed regarding this.  (Am. Compl. ¶ 41.)

15        During Plaintiff's January 25, 2007 classification hearing before the OCS defendants,

16   Plaintiff discovered that a new CDC 128B-2 gang validation packaged had been sent.  (Am.

17   Compl. ¶ 55.)  During an Olsen review on February 9, 2007, Plaintiff discovered that Defendants

18   Cronjager and Lunes had submitted a validation package.  (Am. Compl. ¶ 59.)  Another

19   validation package CDC 128 B was allegedly issued on February 26, 2007 by Defendant

20   Cronjager.  (Am. Compl. ¶ 62.)

21        Plaintiff contends that Defendants Cronjager and Lunes retaliated against Plaintiff and

22   violated his due process rights.

23                    **1.     Retaliation**

24        Allegations of retaliation against a prisoner's First Amendment rights to speech or to

25   petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th

26   Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v.*

27   *Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First

28   Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some

                                        4

1  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

2  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

3  not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-

4  68 (9th Cir. 2005).

5        Under federal pleading standards, Plaintiff has sufficiently alleged a cognizable

6  retaliation claim against Defendants Cronjager and Lunes.

7              **2.**    **Due Process**

8        The Due Process Clause protects prisoners from being deprived of liberty without due

9  process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of

10  action for deprivation of procedural due process, a plaintiff must first establish the existence of a

11  liberty interest for which the protection is sought.  *Id.*  Liberty interests may arise from the Due

12  Process Clause itself or from state law.  *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983).  The Due

13  Process Clause itself does not confer on inmates a liberty interest in being confined in the general

14  prison population instead of administrative segregation.  *See id.*  With respect to liberty interests

15  arising from state law, the existence of a liberty interest created by prison regulations is

16  determined by focusing on the nature of the deprivation.  *Sandin v. Conner*, 515 U.S. 472, 481-

17  84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint

18  which "imposes atypical and significant hardship on the inmate in relation to the ordinary

19  incidents of prison life."  *Id.* at 484.

20        Here, Plaintiff has sufficiently alleged a liberty interest regarding confinement in the

21  SHU.  (Am. Compl. ¶ 82.)  Having established a liberty interest, Plaintiff must be afforded

22  procedural due process.

23        Placement in administrative segregation, or the SHU if done for administrative rather

24  than disciplinary purposes, requires notice to the prisoner, an opportunity for the prisoner to

25  submit information, and non-adversarial review of the information supporting placement.

26  *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986).  A prison gang validation

27  proceeding is subject to the "some evidence" standard where it is an administrative strategy

28  rather than a disciplinary action.  *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (citing

1   *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).  Under *Hill,* there is no independent

2   assessment of witness credibility or reweighing of evidence; rather "the relevant question is

3   whether there is any evidence in the record that could support the conclusion."  *Hill*, 472 U.S. at

4   455-56.

5          Plaintiff alleges that the validation packages submitted are composed of false or

6   insufficient evidence.  Plaintiff has sufficiently alleged a violation of the Due Process Clause of

7   the Fourteenth Amendment against Defendants Cronjager and Lunes.

8          **B.     Defendants Dotson, Fields, Castillo, Ortiz, and Director of CDCR**

9          Plaintiff alleges that Defendants Dotson, Fields, Castillo, Ortiz, and the Director of

10   CDCR Doe 1were given notice of the violations and "turned a blind eye".  (Am. Compl. ¶ 44.)

11   Plaintiff contends that these defendants failed to properly train and supervise subordinates and

12   allowed a policy of retaliating against grievance-filing inmates.  (Am. Compl. ¶ 45.)

13          As stated recently by the United States Supreme Court, supervisory defendants are civilly

14   liable for their own conduct.  *Iqbal*, 129 S. Ct. at 1949.  A supervisory defendants' mere

15   knowledge of his subordinates' misconduct is insufficient to state a claim.  *Id.* Furthermore, "a

16   complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

17   plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility

18   when the plaintiff pleads factual content that allows the court to draw the reasonable inference

19   that the defendant is liable for the misconduct alleged."  *Id.*; *Moss v. United States Secret Serv.*,

20   572 F.3d 962, 969 (9th Cir. 2009).

21          Plaintiff's notice to these supervisory defendants stems from his filing of grievances.

22   Thus, their knowledge of the subordinates' misconduct alone is insufficient to state a claim.

23   Plaintiff's allegation of a retaliatory policy against grievance-filing inmates does not meet the

24   requisite plausibility requirement for federal pleadings.  Plaintiff's amended complaint against

25   these supervisory defendants pleads facts that are merely consistent with liability, which is not

26   sufficient to state a cognizable federal claim.  *Iqbal*, 129 S. Ct. at 1949.  Accordingly, Plaintiff

27   fails to state a cognizable claim against Defendants Dotson, Fields, Castillo, Ortiz, and the

28   Director of CDCR Doe 1.

1    **C.      Defendants R. Lopez, J. Moore, J. C. Garcia, and Recorder Doe 2**

2        Plaintiff alleges that on January 25, 2007, Plaintiff attended his annual classification

3    hearing at CSP.  (Am. Compl. ¶ 54.)  Defendants continued Plaintiff's SHU classification, based

4    on the CDC 128 B submitted in November 14, 2006.  (Am. Compl. ¶ 55.)  Plaintiff objected,

5    stating that the evidence relied upon in the November 14, 2006 CDC 128 B was false and

6    unreliable, but Defendants acted to retain Plaintiff in the SHU.  (Am. Compl. ¶ 56-57.)

7    Defendants on the classification committee relied on the November 14, 2006 CDC 128 B in

8    acting to retain Plaintiff in the SHU.  (Am. Compl. ¶ 58.)

9        Plaintiff has not state a cognizable due process claim against Defendants Lopez, Moore,

10   Garcia, and Recorder Doe 2.  Based on Plaintiff's pleadings, Plaintiff voiced his problems with

11   the documents submitted in the November 14, 2006 CDC 128 B, but the Defendants disagreed.

12   Additionally, Plaintiff had submitted two rebuttals to the documents used.  Plaintiff was thus

13   provided with the opportunity to be heard on this issue during his classification committee

14   hearing.  *Toussaint*, 801 F.2d at 1100.

15       Plaintiff's contention that Defendants failed to comply with prison regulation is not

16   sufficient to state a due process claim.  A violation of the prison's regulations does not violate the

17   Due Process Clause as long as the minimal protections of due process are met.  *See Walker v.*

18   *Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994) (quoting *Rogers v. Okin*, 738 F.2d 1, 8 (1st Cir.

19   1984) ("[I]f state procedures rise above the floor set by the due process clause, a state could fail

20   to follow its own procedures yet still provide sufficient process to survive constitutional

21   scrutiny."), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  The

22   Due Process Clause does not require Plaintiff to be provided with more than some notice and the

23   opportunity to respond to the charges.  Based on Plaintiff's amended complaint, some notice and

24   an opportunity to respond was provided to Plaintiff.  Plaintiff thus fails to state a cognizable Due

25   Process claim against Defendants Lopez, Moore, Garcia, and Recorder Doe 2.

26   **D.      Defendants Ruff, Fischer, Roman**

27       Plaintiff alleges that Defendants Ruff, Fischer and Roman, members of OCS, signed a

28   CDC 128 B-2, Gang Validation/Rejection Review, dated March 14, 2007.  (Am. Compl. ¶ 62.)

1 The validation package relied on an Active/Inactive review submitted by Defendant Cronjager on

2 December 14, 2006.  (Am. Compl., Exh. K.)  Plaintiff contends that the validation review does

3 not mention a February 2007 CDC 128 B, or any other validation submission.  (Am. Compl. ¶¶

4 66-67.)  Plaintiff contends that the OCS Defendants failed to provide Plaintiff due process by

5 accepting the validating/review packet despite the apparent unreliability of the documentation

6 submitted, and not considering Plaintiff's rebuttal prior to making their decision.  (Am. Compl. ¶

7 68.)

8          Under federal pleading standards, Plaintiff has stated a cognizable due process claim

9 against Defendants Ruff, Roman, and Fischer.

10          **E.        Defendants Does 3 to 6**

11          Plaintiff contends that Defendant Does 3 to 6 trained Corcoran and OCS defendants to

12 violate Plaintiff's due process rights.  (Am. Compl. ¶ 79.)  Insofar as Plaintiff's contends

13 respondeat superior liability for Defendants Does 3 to 6, Plaintiff fails to state a cognizable

14 claim.  *Iqbal*, 129 S. Ct. at 1949.

15          If Plaintiff is contending liability based on constitutionally deficient training, Plaintiff

16 fails to plead sufficient facts to state a claim.  Plaintiff alleges that Doe Defendants failure to

17 properly train resulted in the unlawful denial of Plaintiff's lawfully protected rights, subjecting

18 Plaintiff to atypical and significant hardship in violation of constitutional law.  (Am. Compl. ¶

19 80.)  Plaintiff's allegations amount to legal conclusions, which is not sufficient to state a claim.

20 *Iqbal*, 129 S. Ct. at 1949.  Plaintiff thus fails to state a claim against Defendants Does 3 to 6.

21 **III.     Conclusion and Recommendation**

22          Plaintiff has stated cognizable claims against (1) Defendants Cronjager, Lunes, Ruff,

23 Roman, and Fischer for violation of the Due Process Clause of the Fourteenth Amendment and

24 (2) Defendants Cronjager and Lunes for retaliation in violation of the First Amendment.  Plaintiff

25 fails to state a cognizable claim against Defendants Dotson, Fields, Castillo, Ortiz, the Director

26 of CDCR Doe 1, Lopez, Moore, Garcia, Recorder Doe 2, and Does 3 to 6.

27          Based on the foregoing, it is HEREBY RECOMMENDED that:

28          1)        This action proceed against (1) Defendants Cronjager, Lunes, Ruff, Roman, and

Fischer for violation of the Due Process Clause of the Fourteenth Amendment and (2) Defendants Cronjager and Lunes for retaliation in violation of the First Amendment; and

2)      Defendants Dotson, Fields, Castillo, Ortiz, the Director of CDCR Doe 1, Lopez, Moore, Garcia, Recorder Doe 2, and Does 3 to 6 be dismissed from this action for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    __May 14, 2010__        _____ **/s/ Dennis L. Beck** _____
                                  UNITED STATES MAGISTRATE JUDGE